# EXHIBIT A

10-25-17 @ 12:20

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

JPMORGAN CHASE BANK; and DOES 1-10 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

TIMOTHY MUNZ

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
**10/20/2017 11:46 AM**
**Kern County Superior Court**
**Terry McNally**
**By Marisela Espinoza, Deputy**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: | **CASE NUMBER:** |
| *(El nombre y dirección de la corte es):* Metropolitan Division | *(Número del Caso):* |
| 1415 Truxton Ave | **BCL-17-016209** |
| Bakersfield, CA 93301 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 21550 Oxnard St., Suite 780  Woodland Hills, CA 91367, 877-206-4741

| DATE: **10/20/2017** | **TERRY MCNALLY** | Clerk, by | **/s/ Marisela Espinoza** | , Deputy |
| *(Fecha)* | | *(Secretaria)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **JPMorgan Chase Bank**

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):* 10-25-17

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Todd M. Friedman, Esq. SBN 216752<br>Law Offices of Todd M. Friedman<br>21550 Oxnard St., Suite 780<br>Woodland Hills, CA 91367<br>TELEPHONE NO.: 877-206-4741   FAX NO.: 866-633-0228<br>ATTORNEY FOR *(Name)*: Plaintiff, TIMOTHY MUNZ | **ELECTRONICALLY FILED**<br>10/20/2017 11:46 AM<br>**Kern County Superior Court**<br>**Terry McNally**<br>**By Marisela Espinoza, Deputy** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Kern
STREET ADDRESS: 1415 Truxton Ave
MAILING ADDRESS: 1415 Truxton Ave
CITY AND ZIP CODE: Bakersfield 93301
BRANCH NAME: Metropolitan Division

CASE NAME:
Timothy Munz v. JPMorgan Chase Bank, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☐ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☑ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | BCL-17-016209 |
| | | | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☑ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.☑ monetary   b.☑ nonmonetary; declaratory or injunctive relief   c.☑ punitive
4. Number of causes of action *(specify):* 3
5. This case ☐ is   ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 20, 2017

Todd M. Friedman
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

Todd M. Friedman (216752)
Adrian R. Bacon (280332)
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St., Ste 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
Attorneys for Plaintiff

ELECTRONICALLY FILED
10/20/2017 11:46 AM
Kern County Superior Court
Terry McNally
By Marisela Espinoza, Deputy

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### FOR THE COUNTY OF KERN
### LIMITED JURISDICTION

TIMOTHY MUNZ,

        Plaintiff,

-vs-

JPMORGAN CHASE BANK; and DOES 1-10 inclusive,

        Defendant.

Case No. BCL-17-016209

**COMPLAINT FOR**

1. Violation of Rosenthal Fair Debt Collection Practices Act
2. Violation of Fair Debt Collection Practices Act
3. Violation of Telephone Consumer Protection Act.

(Amount not to exceed $10,000)

**Jury Trial Demanded**

## I. INTRODUCTION

1.    This is an action for damages brought by Plaintiff TIMOTHY MUNZ for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* (hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. Ancillary to the claims above, Plaintiff further alleges claims for Defendant's violations of the Telephone Consumer Protection Act., 47 U.S.C. §227, *et seq.* (hereinafter "TCPA").

///

## II. PARTIES

2.    Plaintiff, TIMOTHY MUNZ ("Plaintiff"), is a natural person residing in Merced County in the state of California, a "debtor" as defined by the RFDCPA, Cal. Civ. Code § 1788.2(h), and a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

3.    At all times relevant herein, Defendant, JPMORGAN CHASE BANK ("Defendant"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by the RFDCPA, Cal. Civ. Code § 1788.2(f), and as a "debt," as defined by the FDCPA, 15 U.S.C. § 1692a(5). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the RFDCPA, Cal. Civ. Code § 1788.2(c) and the FDCPA, 15 U.S.C. § 1692a(6). Further, Defendant uses an "automatic telephone dialing system" as defined by the TCPA, 47 U.S.C. §227.

4.    The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

5.    Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## III. FACTUAL ALLEGATIONS

6.    At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff regarding an alleged debt.

Complaint - 2

7.     On or around July of 2016, Plaintiff received a barrage of calls from Defendant. Defendant called Plaintiff's phone number ending in -1506.  The calls received were verified to be made by numbers owned by Defendant, including without limitation (407) 732-2414.

8.     Defendant made numerous call throughout the date, including but not limited to before 8:00am.

9.     Plaintiff expressly revoked his consent to continue receiving phone calls on his cellular telephone number, ending in -1506, after the initial call in July of 2016, but Defendant continued to make calls to Plaintiff's cellular telephone number, ending in -1506.

10.    Plaintiff installed a cellular telephone application to block telephone calls from Defendant, due to the numerous calls Plaintiff received from Defendant in a day.

11.    Defendant also used an "automatic telephone dialing system," as defined by *47 U.S.C. § 227(a)(1)*, to place its repeated collection calls to Plaintiffs seeking to collect the debt allegedly owed.

12.    Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

13.    Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiffs incur a charge for incoming calls pursuant to *47 U.S.C. §227(b)(1)*.

14.    Defendant's calls and its contents were enough to be considered harassment, and thus caused high levels of stress to Plaintiff, thereby exacerbating the condition of his stage 4 colon cancer.

15.    Defendant's conduct violated the FDCPA and RFDCPA in multiple ways, including but not limited to:

    a) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal. Civ. Code § 1788.11(d));

    b) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal. Civ. Code § 1788.11(e));

c) Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (15 U.S.C. § 1692d(5));

d) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (15 U.S.C. § 1692c(a)(1)); and

e) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (15 U.S.C. § 1692d).

15.   Defendant's conduct violated the TCPA by:

a) using any automatic telephone dialing system or an artificial or pre-recorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call (47 USC §227(b)(A)(iii)).

16.   As a result of the above violations of the RFDCPA, FDCPA, and TCPA, Plaintiff suffered and continue to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, physical pain, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL
## FAIR DEBT COLLECTION PRACTICES ACT

17.   Plaintiff reincorporates by reference all of the preceding paragraphs.

18.   To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A.   Actual damages;
    B.   Statutory damages for willful and negligent violations;
    C.   Costs and reasonable attorney's fees; and
    D.   For such other and further relief as may be just and proper.

///

Complaint - 4

## COUNT II: VIOLATION OF FAIR DEBT
## COLLECTION PRACTICES ACT

19.     Plaintiff reincorporates by reference all of the preceding paragraphs.

20.     To the extent that Defendant's actions, counted above, violated the FDCPA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

      A.     Actual damages;
      B.     Statutory damages;
      C.     Costs and reasonable attorney's fees; and
      D.     For such other and further relief as may be just and proper.

## COUNT III: VIOLATION OF TELEPHONE
## CONSUMER PROTECTION ACT

21.     Plaintiff reincorporates by reference all of the preceding paragraphs.

22.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

23.     As a result of Defendant's negligent violations of *47 U.S.C. §227 et seq.*, Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B).*

24.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

25.     As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).*

26.     Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.  As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1)*, Plaintiff is entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*;

    B.  As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*; and

    C.  Any and all other relief that the Court deems just and proper.

### PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

27.    Plaintiff reserves his right under Article 1, Section 16 of the Constitution of the State of California to a trial by jury on all issues so triable and hereby demands as much.

Respectfully submitted on October 20, 2017.

By: _____

Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

Complaint - 6



| | FOR COURT USE ONLY |
|---|---|

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF KERN**
BAKERSFIELD COURT
1415 TRUXTUN AVENUE
BAKERSFIELD CA 93301

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF KERN

OCTOBER 23, 2017

TERRY MCNALLY, CLERK
BY *Marisela Espinoza* DEPUTY

PLAINTIFF/PETITIONER:
**TIMOTHY  MUNZ**
DEFENDANT/RESPONDENT:
 **JPMORGAN CHASE BANK**

NOTICE OF ASSIGNMENT TO JUDGE FOR ALL PURPOSES AND
NOTICE OF ORDER TO SHOW CAUSE RE CRC RULE 3.110 AND
NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:

BCL-17-016209

By order of the presiding judge, the above entitled case is assigned to the Honorable Linda S. Etienne for all purposes.  It will be managed on the direct calendar program in Bakersfield Department 12 until its conclusion. Peremptory challenges, if any, must be made within the times set out in CCP §170.6.  Please include the initials **LSE** after the case number on all future pleadings filed in this case.

**TO PLAINTIFF AND PLAINTIFF'S COUNSEL:**
You are ordered to appear on **February 05, 2018** in **Bakersfield Department 12** at **8:30 AM** in the above entitled court to give any legal reason why sanctions shall not be imposed for failure to serve the complaint on all named defendants and file proof(s) of service with the court within sixty (60) days after the filing of the complaint pursuant to California Rules of Court, Rule 3.110.  All appearances are mandatory, unless the court receives the required proof(s) of service five (5) court days prior to the hearing date, and then no appearance is necessary.

**TO EACH PARTY AND THEIR RESPECTIVE ATTORNEY(S) OF RECORD:**
This case is set for Case Management Conference, by the Honorable Linda S. Etienne on **April 18, 2018** at **8:30 A.M.** in **Bakersfield Department 12** of the above entitled court.  Case management statements are to be filed at least fifteen (15) days prior to the conference in accordance with California Rules of Court, Rules 3.720 – 3.730.  All parties shall comply with California Rules of Court, Rules 3.720 – 3.730.

### NOTICE TO PLAINTIFF'S COUNSEL
**IMPORTANT:  You are required to serve this Notice of Assignment and Notice of Order to Show Cause Date and Notice of Case Management Conference Date with the Summons, Complaint [Local Rule 3.7(a)], Alternative Dispute Resolution (ADR) Information Packet, and ADR Stipulation and Order Form  ( California Rules of Court, Rule 3.221).**

### NOTICE TO CROSS COMPLAINANT'S COUNSEL
**IMPORTANT:  If you are bringing a cross complaint against new parties, you are, likewise, required to serve this Notice of Assignment pursuant to California Rules of Court, Rule 3.110 and Notice of Order to Show Cause date and Notice of Case Management Conference date on the new cross defendants.**

TERRY MCNALLY
CLERK OF THE SUPERIOR COURT

Date:  October 23, 2017

By:     *Marisela Espinoza*
_____
Marisela Espinoza, Deputy Clerk

The Clerk of the Superior Court's office has received a civil complaint from you for filing.  Pursuant to the Trial Court Delay Reduction Act, your case has been assigned to the Honorable Linda S. Etienne as monitoring judge.

Judge Linda S. Etienne has instituted a direct calendaring system for all cases assigned to him/her as the monitoring judge.

All law and motion, case management and trial setting conferences, ex parte matters and trials will be scheduled before him/her in Bakersfield Department 12. This will involve all cases in which the clerk has assigned the initials LSE to the complaint at the time of filing.  Counsel is expected to make the initials of the monitoring judge a part of the case number on all pleadings and papers.

Judge Linda S. Etienne expects that all law and motion hearings to be heard by him/her be set within five (5) days of the earliest date that they may be heard, given mail notice of hearing.  **Law and motion matters must be reserved by going to the website address http://kerncourtlink.com for the Kern Courtlink Online Reservation System.  The website is available at any time.  You may calendar motions as scheduled below.  Ex-parte matters require pre-clearance.**

At the time of filing the complaint, plaintiff's counsel will be given a Notice of Case Management Conference which sets a conference approximately one hundred eighty (180) days after filing of the complaint.  This notice must be served with the summons and complaint on all defendants. Defendants must serve the notice on all cross-defendants named.  The notice must also be served on interveners and lien claimants.

Telephonic appearances for case management conferences and law and motion hearings are available through Court Call. The toll free telephone number for Court Call is (888) 88-COURT.  Proper procedures must be complied with under California Rules of Court, Rule 3.670.  Arrangements to make appearances through Court Call must be made at least five (5) court days prior to the hearing date.

Another judge will hear settlement conferences in cases assigned to Judge Linda S. Etienne.  However, those cases that do not settle will be set for trial before him/her.

To confirm any hearing on calendar, for general questions regarding cases assigned to Judge Linda S. Etienne or to pre-clear an ex-parte hearing, contact the Direct Calendaring Clerk at (661)868-5470.  To check on tentative rulings from Judge Chapin or Judge Clark, go to the court's website address "http/www.kern.courts.ca.gov/", after 4:00 pm, and click on tentative rulings.  Judge Lampe does **not** offer tentative rulings.

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF KERN**
**SPECIAL RULES RELATING TO CASE MANAGEMENT CONFERENCES**

At least fifteen (15) days prior to the case management conference, each party shall prepare, file and serve on each other party a case management conference report providing the Court with the following information:

1.  The "at-issue" status of the case including any new parties that may be contemplated;

2.  A brief statement of the type of case and the general facts or contentions;

3.  A description of the discovery done to date and that contemplated to be done;

4.  Estimated time for trial and whether a jury is demanded;

5.  Whether or not the case is entitled to priority in trial setting and if so, the legal authority thereof;

6.  An evaluation of the case for alternative dispute resolution, including arbitration (judicial or binding), mediation or private judge handling;

7.  If a person injury action, a description of the injuries sustained by each plaintiff and the elements of claimed damage;

8.  A statement of any settlement negotiations undertaken thus far;

9.  The name of the attorney primary responsible for the case on behalf of the party filing the report.


More than one party may join in the filing of a single report.

The case management conference shall be attended by the attorney primarily responsible for the case on behalf of each party or a member of his or her firm or counsel formally associated in the case.  The attorney attending shall be thoroughly familiar with the case, and be able to engage in meaningful discussions with court and counsel, and to enter into agreements on behalf of his or her client on the following subjects:

1.  The "at-issue" status of the case including the dismissal of the unnamed doe defendants or cross-defendants by agreement of all parties;

2.  Discovery conducted and remaining to be done;

3.  Amenability of the case to alternative dispute resolution including, but no limited to, arbitration (judicial or binding), mediation, and private judge handling.

4.  Delineation of issues including stipulation of facts not in substantial controversy;

5.  Settlement prospects;

6.  Setting the matter for trial, pre-trial conferences, settlement conference or further case management conference;

7.  Any other matters relevant to the processing of the case to a final resolution.


Any violation of these rules shall result in the imposition of substantial sanctions which may include monetary, issue, termination, or other appropriate sanctions.

ELECTRONICALLY FILED
11/20/2017 8:00 AM
Kern County Superior Court
Terry McNally
By Raquel Sanchez, Deputy

Todd M. Friedman (216752)
Adrian R. Bacon (280332)
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St., Ste 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
Attorneys for Plaintiff

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF KERN
## LIMITED JURISDICTION

|  |  |
|---|---|
| TIMOTHY MUNZ,<br><br>        Plaintiff,<br><br>-vs-<br><br>JPMORGAN CHASE BANK; and DOES 1-10 inclusive,<br><br>        Defendant. | Case No. BCL-17-016209<br><br>**FIRST AMENDED COMPLAINT FOR**<br><br>1.  Violation of Rosenthal Fair Debt Collection Practices Act<br>2.  Violation of Telephone Consumer Protection Act.<br><br>**(Amount not to exceed $10,000)**<br><br>**Jury Trial Demanded** |

## I.  INTRODUCTION

1.     This is an action for damages brought by Plaintiff TIMOTHY MUNZ for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* (hereinafter "RFDCPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.  Ancillary to the claim above, Plaintiff further alleges claims for Defendant's violations of the Telephone Consumer Protection Act., 47 U.S.C. §227, *et seq.* (hereinafter "TCPA").

///

///

///

## II. PARTIES

2.      Plaintiff, TIMOTHY MUNZ ("Plaintiff"), is a natural person residing in Merced County in the state of California, a "debtor" as defined by the RFDCPA, Cal. Civ. Code § 1788.2(h).

3.      At all times relevant herein, Defendant, JPMORGAN CHASE BANK ("Defendant"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by the RFDCPA, Cal. Civ. Code § 1788.2(f).  Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the RFDCPA, Cal. Civ. Code § 1788.2(c).  Further, Defendant uses an "automatic telephone dialing system" as defined by the TCPA, 47 U.S.C. §227.

4.      The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

5.      Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.  Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## III. FACTUAL ALLEGATIONS

6.      At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff regarding an alleged debt.

7.     On or around July of 2016, Plaintiff received a barrage of calls from Defendant. Defendant called Plaintiff's phone number ending in -1506.  The calls received were verified to be made by numbers owned by Defendant, including without limitation (407) 732-2414.

8.     Defendant made numerous call throughout the date, including but not limited to before 8:00am.

9.     Plaintiff expressly revoked his consent to continue receiving phone calls on his cellular telephone number, ending in -1506, after the initial call in July of 2016, but Defendant continued to make calls to Plaintiff's cellular telephone number, ending in -1506.

10.    Plaintiff installed a cellular telephone application to block telephone calls from Defendant, due to the numerous calls Plaintiff received from Defendant in a day.

11.    Defendant also used an "automatic telephone dialing system," as defined by *47 U.S.C. § 227(a)(1),* to place its repeated collection calls to Plaintiffs seeking to collect the debt allegedly owed.

12.    Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A).*

13.    Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiffs incur a charge for incoming calls pursuant to *47 U.S.C. §227(b)(1).*

14.    Defendant's calls and its contents were enough to be considered harassment, and thus caused high levels of stress to Plaintiff, thereby exacerbating the condition of his stage 4 colon cancer.

15.    §1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C.  §1692d, and §1692d(5).

16.    Defendant's conduct violated the RFDCPA in multiple ways, including but not limited to:

a) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal. Civ. Code § 1788.11(d));

b) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal. Civ. Code § 1788.11(e));

c) Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (15 U.S.C. § 1692d(5));

d) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (15 U.S.C. § 1692c(a)(1)); and

e) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (15 U.S.C. § 1692d)).

15.   Defendant's conduct violated the TCPA by:

a) using any automatic telephone dialing system or an artificial or pre-recorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call (47 USC §227(b)(A)(iii)).

16.   As a result of the above violations of the RFDCPA and TCPA, Plaintiff suffered and continue to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, physical pain, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL
## FAIR DEBT COLLECTION PRACTICES ACT

17.   Plaintiff reincorporates by reference all of the preceding paragraphs.

18.   To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

     A.     Actual damages;
     B.     Statutory damages for willful and negligent violations;
     C.     Costs and reasonable attorney's fees; and
     D.     For such other and further relief as may be just and proper.

///

## COUNT II: VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT

19.     Plaintiff reincorporates by reference all of the preceding paragraphs.

20.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

21.     As a result of Defendant's negligent violations of *47 U.S.C. §227 et seq.*, Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B).*

22.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

23.     As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C).*

24.     Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

     A.     As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1),* Plaintiff is entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C.  227(b)(3)(B);*

B. As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*; and

C. Any and all other relief that the Court deems just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

25.     Plaintiff reserves his right under Article 1, Section 16 of the Constitution of the State of California to a trial by jury on all issues so triable and hereby demands as much.

Respectfully submitted on November 17, 2017.

By: _____

Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

Complaint - 6

Exhibit A - Page 18

## PROOF OF SERVICE

I am employed in the County of LOS ANGELES, State of California.  I am over the age of 18 and not a party to the within action.  My business Address is 21550 Oxnard St., Suite 780, Woodland Hills, CA 91367.

On November 17, 2017, I served the following document(s) described as: **Plaintiff's Requests for Admissions to Defendant**, on all interested parties in this action by placing:

[X]   A true copy
[ ]   The original thereof enclosed in sealed envelope(s) addressed as follows:

Arjun Rao, Esq.
STROOCK
2029 Century Park East
Los Angeles, CA 90067

[X]   BY ELECTRONIC MAIL TRANSMISSION.

[ ]   BY FACSIMILE – The facsimile machine used complied with Rule 2003(3) and no error was reported by the machine.  Pursuant to Rule 2008(e)(4), caused the machine to print a record of the transmission.

[ ]   BY MAIL (1013 a, 2015.5 CCP)

[ ]   I deposited such envelope in the mail at Woodland Hills, California.  The envelope was mailed with postage thereon fully prepaid.

[ ]   I am readily familiar with the firm's practice for collection and processing correspondence for mailing.  Under that practice, this document will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at Woodland Hills, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X]   STATE – I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 17, 2017, at WOODLAND HILLS, California.

By: _____
        Mordechai Wolowitsch